Julian GIUFFRA

v.

INTERNATIONAL PAPER CO.

Civil Action 96–1604.

United States District Court,
E.D. Pennsylvania.

May 10, 1996.

Hyman Lovitz, Lovitz & Gold, P.C., Philadelphia, PA, for plaintiff Giuffra.

Mark S. Dichter, Morgan, Lewis & Bockius, Philadelphia, PA, for defendant International Paper Co.

## MEMORANDUM

BARTLE, District Judge.

In this diversity action, plaintiff, Julian Giuffra ("Giuffra"), claims he was illegally discharged by his employer, International Paper Co. ("International Paper"), because of his duties as a volunteer fire fighter. Before the court is International Paper's motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For purposes of the motion, we must accept all well pleaded facts as true. *Rocks v. City of Philadelphia*, 868 F.2d 644, 647 (3d Cir.1989). According to the amended complaint, Giuffra was employed by International Paper at its corporate headquarters in Philadelphia as a Department Manager/Environmental Coordinator. He also served as an active volunteer fire fighter with the Union Fire Company in Cornwell Heights, Pennsylvania. As a result of a severe winter storm that hit the region, the Governor of Pennsylvania, on or about February 11, 1994, declared a state of emergency. Giuffra thereupon reported for active duty as a volunteer fire fighter after being called upon to do so. On February 14, 1994, when his duties concluded, he returned to his employment with International Paper. His employer questioned him extensively about the reasons for

his absence. He allegedly explained that he had been working as a volunteer fire fighter in response to the Governor's state of emergency. Despite his explanation, International Paper terminated him.

■ Giuffra first contends that his discharge violated a Pennsylvania statute that prohibits the termination or discharge of a person because of his or her service as a volunteer fire fighter. 43 Pa.Cons.Stat.Ann. §§ 1201, *et seq.* The statute reads as follows:

> No employer shall terminate or discipline an employee who is a volunteer fireman, fire police or volunteer member of an ambulance service or rescue squad and in the line of duty has responded to a call prior to the time he was due to report for work resulting in a loss of time from his employment.

*Id.* at § 1201. The statute goes on to provide in § 1203:

> Any employee losing time ... shall supply his employer with a statement from the chief executive officer of his volunteer fire company, ambulance service or rescue squad or its affiliated organization stating that he responded to a call and the time thereof.

*Id.* at § 1203.

Giuffra does not allege in his amended complaint, and does not otherwise contend, that he supplied his employer with a statement from the chief executive officer of his volunteer fire company in accordance with § 1203. International Paper contends that because of this omission Giuffra has not stated a claim for relief.

While nowhere alleging that he supplied the statement, Giuffra simply argues that its absence is not a "jurisdictional" defect. Giuffra maintains that the General Assembly never intended § 1203 "to be an absolute jurisdictional bar to the commencement of a lawsuit under the Act." Giuffra, however, does not explain what, in his view, § 1203 means. Significantly, he does not contend he may succeed in this action without having ob-

tained a confirmation of his activities from his chief at the volunteer fire company.

The Statutory Construction Act, 1 Pa. Cons.Stat.Ann. § 1921(a), which International Paper cites, provides that "[e]very statute shall be construed, if possible, to give effect to all its provisions." We know of no way to give effect to § 1203 unless it means that a volunteer fire fighter must provide his employer with the requisite statement in order to make a claim under this statute. The General Assembly undoubtedly included this provision to avoid burdening employers and clogging the courts with specious claims.[1] If the employee's claim is legitimate, it is no real hardship to obtain the statement required under § 1203 and to say so in a pleading. Giuffra, in effect, seeks to have us read this section out of the statute. This we will not do.

■ Giuffra next claims that he has a common law action for wrongful discharge. This argument is without merit. Under Pennsylvania law, "... where a Pennsylvania statute announces a public policy supporting, and provides a remedy for, wrongfully discharged employees, *no* tort cause of action under the common law is available." *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 437 (3d Cir.1986); *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917, 918–19 (1989).

Giuffra cites *Field v. Phila. Elec. Co.*, 388 Pa.Super. 400, 565 A.2d 1170 (1989) for the proposition that a statutory remedy does not eliminate a parallel common law remedy. Giuffra misreads that case. It deals with the issue of federal preemption which is not applicable here. Contrary to Giuffra's position, *Field* does not hold that a state common law remedy for wrongful discharge exists when a state statutory remedy is available.

Giuffra has not pleaded a viable claim for relief under 43 Pa.Cons.Stat.Ann. §§ 1201, *et seq.* or for common law wrongful discharge. The court will grant the motion of defendant

---

1. The court, of course, makes no judgment whether Giuffra actually served as a volunteer fireman as he claims.

International Paper Co. to dismiss the amended complaint.