Thomas **GREEN**

v.

**COOPER MEDICAL HOSPITAL, et al.**

**Civil Action No. 96–6543.**

United States District Court,
E.D. Pennsylvania.

June 30, 1997.

---

## OPINION

LOUIS H. POLLAK, District Judge.

Now before the court are three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). These motions were filed, respectively, by defendant Cooper Hospital/University Medical Center ("Cooper Hospital"), defendant Philadelphia District Attorney's Office, and defendants City of Philadelphia and Philadelphia Police Department. For the reasons that follow, each of the motions will be granted.

In considering a motion to dismiss, a court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party," *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). The court must then "determine whether, under any reasonable reading of the plaintiff's pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63 (3d Cir.1996).

The complaint in this case alleges that on December 2, 1994, a certain "Thomas Brown" was hospitalized with gunshot wounds at defendant Cooper Hospital and treated there by defendants Dr. Richard Burns, Dr. Collin Braithwaite, and Ms. Mary Ann Lapinski ("the medical defendants"). At the trial of plaintiff Thomas Green on robbery charges on or about June 24, 1996, the medical records of "Thomas Brown"—which had purportedly been supplied by Cooper Hospital—were introduced by the prosecution.[1] Defen-

---

1. The complaint does not reveal the nature of the connection urged by the government—and apparently accepted by the jury—between Mr. Brown's gunshot wounds and the robbery of which Mr. Green was convicted. However, plaintiff's responses to the motions to dismiss suggest that the victim of the robbery shot his assailant, and that prosecutors apparently came to believe that Thomas Brown and Thomas Green were the same person. Although the complaint itself neither confirms nor denies such an identity between the two men, plaintiff's Memorandum in Opposition to the Motion of Cooper Hospital to Dismiss includes, on page 7, a contention regarding "the tortious liability of a doctor to *third persons* who may be injured by . . . unauthorized disclosures of the doctor" (emphasis added). Therefore, for the purpose of deciding these motions, it may fairly be stated that Thomas Green does not argue that he and Thomas Brown are the same person.

dants Burns, Braithwaite, and Lapinski voluntarily testified as government witnesses at that trial—allegedly at the urging and with the assistance of defendants Philadelphia Police Department and Philadelphia District Attorney's Office ("the City defendants")—and in the course of that testimony "revealed confidential medical information." Complaint at ¶ 20. "As a direct and proximate result of [the] wrongful disclosure", the complaint asserts, "Mr. Green was convicted of robbery." Complaint at ¶ 28.

The complaint alleges that the medical defendants "breached the doctor-patient statutory privilege (N.J.S.A. 2A:84A–22.1 *et seq.*)," "invad[ed] plaintiff's right to privacy" by disclosing "Thomas Brown's confidential medical records," and "violated the doctor-patient fiduciary relationship." It further alleges that the City defendants induced the medical defendants "to breach their fiduciary relationship" and rendered "substantial assistance" in the commission of that breach. Complaint at ¶¶ 30–34. The complaint asserts that as a result of these violations plaintiff suffered incarceration, anxiety, humiliation, and lost wages.[2]

■ Plaintiff premises jurisdiction, properly, upon 28 U.S.C. § 1332.[3] As for which state's law should govern this case, plaintiff maintains that New Jersey law applies because Cooper Hospital, where Thomas Brown was treated and his medical records kept, is located in Camden, New Jersey. Defendants do not directly oppose plaintiff's contention that New Jersey law applies. They do, however, address the possibility that Pennsylvania law instead might govern the case—a not unreasonable conclusion given the locale of the trial at which the evidence in question was introduced. When a choice-of-law question arises in a diversity case, a federal court determines which state's law governs by applying the choice of law rules of the forum state. Here, however, it is not necessary to determine which state's law applies; Mr. Green's complaint does not state a claim upon which relief may be granted under either the law of New Jersey or the law of Pennsylvania.

■ Under New Jersey law, the complaint appears to plead both a claim under the statute governing the physician-patient privilege, N.J.S.A. 2A:84A–22.1 *et seq.*, and a common-law tort claim for invasion of privacy. But the latter claim cannot stand; the physician-patient privilege in New Jersey is of statutory origin. The privilege was not recognized under New Jersey common law. *See Stempler v. Speidell,* 100 N.J. 368, 495 A.2d 857, 859 (1985). Therefore, plaintiff's claim can only rest on the statute that created the privilege.

That statute does not allow parties other than the "holder of the privilege"—who is defined as "the patient while alive", N.J.S.A. 2A:84A–22.1—to invoke the privilege. The only exceptions are that the privilege may be invoked by the physician or by "a person authorized to claim the privilege for [the holder of the privilege]." N.J.S.A. 2A:84A–22.2. Mr. Green makes no claim either that he was Mr. Brown's physician or that Mr. Brown authorized him to invoke the privilege on Mr. Brown's behalf. Accordingly, in the absence of an assertion by Mr. Green that he and Mr. Brown are the same person—and there is no such assertion in the complaint (or in plaintiff's responses to the motions at hand)—plaintiff can state no claim under

---

2. The complaint seeks damages in a particular amount. But, as counsel should be aware, the rules of this court preclude a prayer for a "specific dollar amount" when a plaintiff seeks "unliquidated damages." Rule 5.1.1 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. And when the "specific dollar amount" improperly claimed turns out to be *fifty million dollars*, the unpermitted specificity translates into inappropriate hyperbole.

3. The District Attorney's office questions whether diversity jurisdiction is proper, arguing that "de-

pending on the true facts of plaintiff's domicile prior to incarceration, plaintiff and the D.A.'s Office both may be citizens of Pennsylvania." Memorandum in Support of District Attorney's Motion to Dismiss, at 4 n. 1. But, while plaintiff has proffered both bank records and school documents to support his claim that he was and remains a citizen of Virginia, the District Attorney's Office has offered no evidence whatsoever to rebut plaintiff's contention. The court must therefore accept plaintiff's assertion of Virginia citizenship as representing the "true facts."

252

New Jersey's physician-patient privilege statute.

 Under Pennsylvania law, the physician-patient privilege does not extend to criminal matters. *See Commonwealth v. Brown*, 332 Pa.Super. 35, 480 A.2d 1171 (1984) (interpreting 42 Pa.C.S.A. § 5929). The constitutional "privacy rights" that the Pennsylvania Supreme Court has directed must also be considered, *see In re B.*, 482 Pa. 471, 394 A.2d 419, 424 (1978), apply to the patient, not to third parties.

Because all claims in this case arise from assertion of the physician-patient privilege between Mr. Brown and his medical care-providers—a privilege which Mr. Green is not in a position to invoke—the complaint as a whole must be dismissed. Accordingly, all three motions to dismiss will be granted.

### ORDER

Upon consideration of the motions to dismiss filed by defendant Cooper Hospital/University Medical Center, defendant Philadelphia District Attorney's office, and defendants City of Philadelphia and Philadelphia Police Department, and the responses to those motions, it is hereby ORDERED that:

1. The motion of defendant Cooper Hospital/University Medical Center is GRANTED;

2. The motion of defendant Philadelphia District Attorney's office is GRANTED; and

3. The motion of defendants City of Philadelphia and Philadelphia Police Department is GRANTED.

All claims against all defendants are hereby DISMISSED WITH PREJUDICE and judgment is hereby ENTERED against plaintiff and in favor of all defendants. Parties are to bear their own costs.