

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2007

# Lula v. Network Appliance

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lula v. Network Appliance" (2007). *2007 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4215

MARY LOUISE LULA,
                    Appellant

v.

NETWORK APPLIANCE

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-01145)
District Judge:  Honorable David S. Cercone

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2007

Before:  RENDELL, WEIS and NYGAARD, Circuit Judges.

(Filed:  November 6, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

I.

Mary Louise Lula appeals from an order entered by the District Court granting

defendant Network Appliance, Inc.'s ("NetApp") motion to dismiss for failure to state a

claim pursuant to Fed. R. Civ. Pro. 12(b)(6). Appellant Mary Lula alleged in her complaint that NetApp violated Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e-1 *et seq.*, the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. § 951 *et seq.* Lula argues on appeal that she properly complied with Fed. R. Civ. Pro. 8(a) and that the District Court erred when granting NetApp's motion to dismiss. For the reasons that follow, we will affirm the District Court's order of dismissal.

## II.

When reviewing a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), a court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). Lula alleged the following pertinent facts in her complaint. In May 2004, Lula was offered a employment with NetApp as either a Sales Representative or Senior Sales Representative. Lula believed that the restrictions and conditions imposed on the offer of employment were too burdensome and declined to accept the job offer. Lula also alleged that these restrictions were not placed on a different position within the company and were therefore discriminatory because this other position was occupied by a young male. Lula did not allege that these restrictions were not imposed on other candidates who applied for the position that she was offered. In October 2004, NetApp once again requested that Lula submit her resume for consideration of a separate opening for Sales Representative. The

2

position was immediately deactivated. Lula alleged that NetApp deactivated this additional position because, although she was qualified, she was unacceptable to NetApp because of her age, gender, and a prior action she had filed to enforce her civil rights.

III.

Lula presents two issues on appeal. First, she asserts that a cognizable legal claim exists under Title VII, the ADEA, or the PHRA when a potential employee rejects a job offer because that employee believes the terms of the employment are discriminatory. We disagree. In order to demonstrate a prima facie case of discrimination under Title VII, the ADEA, or the PHRA, an individual must show that he or she: (1) is a member of a protected class; (2) was qualified for the position sought; (3) was subject to an adverse employment action despite being qualified; and, (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to plaintiff to fill the position. *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003). Here, Lula was not subject to an adverse employment action. This Court declines to extend the definition of an adverse employment action to include job offers. There is no cognizable cause of action based on a job applicant's rejection of a job offer she finds undesirable.

Lula's second argument on appeal is that a legal cognizable claim exists for failure to hire under Title VII, the ADEA, or the PHRA when a potential employee was not hired because the company "deactivated" that position and did not fill it. Again, we disagree.

3

The Supreme Court addressed employment discrimination in a hiring situation in *McDonnell Douglas Corp. V. Green*, 411 U.S. 792 (1973), and held that, in order for such an action to be valid, a plaintiff who is qualified for the position must be rejected for the position, and thereafter the position must remain open. *Id.* at 802. Here, as Lula's complaint specifically alleges the position did not remain open and was immediately deactivated. Accordingly, under *McDonnell*, no cause of action exists.

Because no set of facts would allow Lula to prove a prima facie case of discrimination, the District Court correctly granted NetApp's motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

IV.

For the foregoing reasons, we will affirm District Court's order.