COUNTY COUNCIL OF NORTHAMP-
TON COUNTY, Plaintiff,

v.

SHL SYSTEMHOUSE CORP.,
Defendant,

v.

Northampton County, Third
Party Defendant.

Civil Action No. 98–0088.

United States District Court,
E.D. Pennsylvania.

June 25, 1999.

Karl F. Longenbach, Bethlehem, PA, for plaintiff.

Ronald P. Schiller, Joseph Kernen, Elizabeth J. Feeney, Piper & Marbury L.L.P., Philadelphia, PA, for defendant SHL Systemhouse Corp.

Daniel B. Huyett, Matthew W. Rappleye, Stevens & Lee, Reading, PA, for defendant Nothampton County.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Before the court is the motion of the plaintiff, County Council of Northampton County ("County Council") for judgment on the pleadings pursuant to Federal Rule 12(c) of Civil Procedure as to the

counterclaims for defamation, tortious interference and declaratory judgment of the defendant, SHL Systemhouse Corp. ("Systemhouse"). Systemhouse consents to the dismissal of the counterclaims for defamation and tortious interference. The declaratory judgment counterclaim, however, remains in dispute. For the following reasons, the Motion will be granted as to the defamation and tortious interference counterclaims with Systemhouse's consent and denied as to the declaratory judgment counterclaim.

## BACKGROUND

In December 1995 Systemhouse and third-party defendant, Northampton County ("NC") entered into the Service Agreement ("Agreement") on Systemhouse's implementation of an E 911 emergency system in Northampton County. The Agreement required in part that Systemhouse create and operate a Communications Center capable of dispatching public service agencies throughout Northampton County. The appointment of a Northampton County Director of Communications/911 Coordinator ("911 Coordinator") who would have "unfettered access" to the Communications Center was also required by the Service Agreement.

On October 2, 1997 County Council enacted Ordinance No. 295 ("Ordinance") to create the position of 911 Liaison. The Ordinance authorized the 911 Liaison to have access rights identical to those of the 911 Coordinator. Councilman Richard E. Weaver ("Weaver") was appointed to the position of 911 Liaison. On December 21, 1997 he sought access to the Communications Center. Systemhouse denied Weaver access to the "secured area" of the Communications Center and advised him that he would not be permitted to inspect the "secured area" unless accompanied by a Systemhouse manager.

On December 31, 1997 County Council filed the complaint in part to compel Systemhouse to accept Weaver's unrestricted access to the Communications Center.

The complaint in part alleges that, "[u]nder the terms of the [Agreement] ..., the ... 911 Coordinator is entitled to unfettered access to the ... Communications Center." (Complaint ¶ 13). On January 16, 1998 Systemhouse answered the complaint and asserted three counterclaims: (1) defamation, (2) declaratory judgment to enforce the Service Agreement and (3) tortious interference with the Service Agreement. County Council now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the counterclaims. Since Systemhouse consents to the dismissal of the counterclaims for defamation and tortious interference, the declaratory judgment counterclaim alone will be considered here.

## DISCUSSION

### I. Legal Standard

Motions under Federal Rule of Civil Procedure 12(c) are decided under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *See Moore v. Reliance Standard Life Ins. Co.,* No. Civ. A. 98–4610, 1999 WL 299577 at *1 (E.D.Pa. May 10, 1999). The court may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent" with the complaint's allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must accept all factual allegations as true and draw all reasonable inferences from such allegations in the light most favorable to the plaintiff. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir.1994); *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989).

### II. Ripeness of Declaratory Judgment Counterclaim

■ County Council moves for judgment on the pleadings as to the declaratory judgment counterclaim alleging that it is not an actual controversy ripe for adju-

dication. Section 2201(a) of the Declaratory Judgment Act ("Act") provides in pertinent part that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The U.S. Court of Appeals for the Third Circuit utilizes a three part analysis to determine whether there is a case of actual controversy. *See Step–Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 647–49 (3d Cir. 1990). The plaintiff must show that: (1) the interests of the parties are adverse, (2) the judgment is sufficiently conclusive to define and clarify the legal rights of the parties and (3) the judgment is useful or of practical help. *See Id.* "There is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred." *See* 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2757, at 475 (3d ed. 1998).

■ To establish the adversity of interest element, there must be a substantial threat of real harm that remains " 'real and immediate' throughout the course of the litigation." *Salvation Army v. Department of Community Affairs*, 919 F.2d 183, 192 (3d Cir.1990). The plaintiff seeking review need not have suffered a "completed harm." *See Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir.1994). However, "[w]here the plaintiff's action 'is based on a contingency, it is unlikely that the parties' interest will be sufficiently adverse....' " *Armstrong World Industries, Inc. v. Adams*, 961 F.2d 405, 411–12 (3d Cir.1992).

■ The conclusiveness of the judgment element requires a concrete set of facts. *See Presbytery of New Jersey*, 40 F.3d at 1463. The claim "must be based on a 'real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an

opinion advising what the law would be upon a hypothetical state of facts.' " *Step–Saver*, 912 F.2d at 649 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

■ Finally, the element of utility provides that the court should not consider a case justiciable unless a useful purpose will be served. *See Armstrong*, 961 F.2d at 412. One of the Act's primary purposes is "enable plaintiffs to preserve the status quo ..., and a case should not be considered justiciable unless 'the court is convinced that [by its action] a useful purpose will be served.' " *Step–Saver*, 912 F.2d at 649 (quoting E. Borchard, *Declaratory Judgments* 29, 58 (1941)).

■ Applying the three part analysis here, it is clear that there is an actual controversy as to the declaratory judgment counterclaim especially because all of the acts that are alleged to create liability have already occurred. County Council sued Systemhouse to enforce the Ordinance which mirrors provisions of the Agreement regarding access to the Community Center. County Council has already enacted the Ordinance and appointed Weaver to 911 Liaison pursuant to the Ordinance. Moreover, Weaver has already attempted to gain access to the Communications Center pursuant to the Ordinance. To enforce it, the provisions of the Agreement must be interpreted. Systemhouse opposes County Council's interpretation of the Agreement via the Ordinance and therefore brought the declaratory judgment counterclaim to enforce the Agreement and limit Weaver's access to the Communications Center.

The facts show that each factor is satisfied. Since the access to the Communications Center, arguably, is a substantial threat of harm that remains real and immediate throughout the course of the litigation, the parties' interests are adverse. The facts clearly are sufficiently concrete to satisfy the conclusiveness of the judgment element. Finally, the usefulness of

resolving this highly contentious and undoubtedly expensive dispute is self-evident. Consequently, Systemhouse's declaratory judgment claim is justiciable.[1]

---

1. The fact that County Council was not a party to the Agreement does not dissuade the court from finding that the declaratory judgment counterclaim is justiciable because: (1) County Council, a non-party to the Agreement, is suing in part to enforce the Agreement, (2) the Agreement is an integral element of the Ordinance and (3) the other party to the Agreement, NC, is the third party defendant in the litigation.