Ronald C. HELLER, John R. Flinn, Matthew W. Lindsey, Otto G. Barton, II, and Chris William Bender, Plaintiffs,

v.

Jerry C. FULARE a/k/a Jerome Fulare, individually, and in his official capacity of Logan Township Supervisor, Defendant.

No. CIV.A. 04–265J.

United States District Court, W.D. Pennsylvania.

March 30, 2005.

Stephen D. Wicks, Altoona, PA, for Plaintiffs.

Patricia A. Monahan, Marshall, Dennehey, Warner, Coleman & Goggin, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION and ORDER

GIBSON, District Judge.

This matter comes before the Court on Jerry C. Fulare's, a/k/a Jerome Fulare, (Defendant) Motion to Dismiss (Document No. 4) and accompanying Brief in Support (Document No. 5) and the Plaintiffs' Brief in Reply (Document No. 8) and Plaintiffs' Motion to Amend Complaint (Document No. 7). For the reasons set forth herein, the Defendant's Motion to Dismiss is granted in part and denied in part and the Plaintiffs' Motion to Amend Complaint is granted.

The Court has jurisdiction over the Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and the Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12 b) 6):

the district court [is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant. *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989); *D.P. Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984). In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *D.P. Enters.*, 725 F.2d at 944. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir.1994). In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support claims. *Lake v. Arnold*, 112 F.3d 682 (3rd Cir.1997); *Nami v. Fauver*, 82 F.3d 63 (3rd Cir.1996).

[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3rd ed.2004)(footnotes omitted).

All factual allegations of the complaint need not be set forth for the purposes of this motion. It is sufficient to state in summary that this civil action concerns the circumstances of the reporting by Plaintiffs Lindsey and Barton, members of the Logan Township Police Department, to the Pennsylvania Municipal Police Officer's Education and Training Commission (MPOETC), and the subsequent testimony of Plaintiffs Heller, Flinn, Lindsey and Barton to the MPOETC, concerning former Chief Moss's acquisition of MPOETC's testing and answer materials from Chief Louis Valle for the MPOETC's certification testing of Chief Moss prior to his taking of this certification exam; and the subsequent alleged retaliation by Defendant in taking steps to initiate an investigation of Plaintiff Bender and the other Plaintiffs by the Pennsylvania State Police and the Pennsylvania Office of the Attorney General (OAG) concerning alleged unlawful material on the Logan Township Police Department's Amber Alert computer; and alleged retaliation by

the Defendant against the Plaintiffs by public comments made regarding an alleged "conspiracy" by the Plaintiffs against former Chief Moss; and retaliation by public comments regarding the investigation of the Plaintiffs by the OAG.

The Defendant seeks dismissal of Count I (42 U.S.C. § 1983–Whistleblower) and Count V (Pennsylvania Whistleblower Law) arguing that the claims of damage to reputation by the Plaintiffs under § 1983 are not permissible absent a "deprivation of a liberty or property interest" and that under the Pennsylvania Whistleblower statute, the Plaintiffs fail to allege an "adverse employment decision" against them because of the actions of the Defendant. Defendant's Brief, pp. 5, 3. Plaintiffs counter-argue that the Defendant's actions in "initiating a criminal investigation against an employee, then making public pronouncements of a highly negative nature would certainly affect Plaintiffs' working conditions". Plaintiffs' Brief, p. 12. The Plaintiffs also indicate that their claims under Counts I and V are in fact duplicative. Plaintiffs' Brief, p. 10, n. 5. Based upon a review of the Plaintiffs' Complaint at Counts I and V, the Court concludes that these counts do not set forth causes of action.

■ First, with regard to Count I under § 1983, the Plaintiffs fail to allege "a deprivation of a liberty or property interest" required of such a cause of action. It has long been recognized that damage to reputation alone is not actionable under § 1983. *See Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Paul v. Davis,* 424 U.S. 693, 701 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976); and *Puricelli v. Borough of Morrisville,* 820 F.Supp. 908, 914 (E.D.Pa.1993)(citing various Third Circuit precedential cases). Outside of the § 1983 framework, the Plaintiffs' claim under the Pennsylvania Whistleblower Stat-

ute fails to state an adverse employment action against the Plaintiffs. The Plaintiffs' comparisons to the case of *O'Rourke v. Commonwealth of Pennsylvania, Department of Corrections,* 566 Pa. 161, 778 A.2d 1194 (2001) are inapposite in that O'Rourke had alleged various employer-sanctioned acts of retaliation, but the Court found that the only alleged employer-sanctioned conduct that could possibly be considered "retaliation" was the removal of O'Rourke "from the acting supervisor list and reduction of his kitchen work assignments." *O'Rourke,* at 1199.

■ The alleged damage to reputation in the case *sub judice* is insufficient to constitute an adverse employment action. Further, the Plaintiffs argue that the initiation of a criminal investigation and making public statements regarding it would affect the Plaintiffs' working conditions and, therefore, a sufficient case for retaliation has been stated. However, the Court fails to discern from a reading of the Complaint any tangible retaliatory action taken against the Plaintiffs in their working conditions. The Plaintiffs do not elaborate upon the manner in which any actions of the Defendant affected their working conditions and they do not assert any specific retaliatory action taken against them by their employer. Therefore, Counts I and V of the Plaintiffs' Complaint are dismissed without prejudice to the Plaintiffs to make such amendments as necessary to allege viable causes of action.

Defendant further argues that the Plaintiffs' claims pursuant to a § 1983–First Amendment retaliation claim found in both Counts II and III do not state a cause of action because the Plaintiffs fail to allege an adverse employment decision, a necessary element to such a claim. Defendant's Brief, p. 5. Defendant further argues that the Plaintiffs' claims in these two counts are a "guise" for a defamation claim, a

claim not cognizable under § 1983. *Id.* Plaintiffs counter-argue generally that actions other than dismissal can equate to retaliation and, specifically, that being publicly accused of criminal misconduct would place a "lasting stigma" upon the Plaintiffs as police officers because "of their responsibility to uphold the law." Plaintiffs' Brief, p. 8.

■ The Plaintiffs further argue that the investigation by the OAG and the public comments made against them by the Defendant can serve as a basis for their claims of retaliation and they need not allege official acts of retaliation such as dismissal, suspension, or other form of discipline. Plaintiffs cite the case of *Merkle v. Upper Dublin School District, et al.*, 211 F.3d 782 (3rd Cir.2000) as support for this argument. However, the facts of *Merkle* are inapposite in that the plaintiff in that case had alleged her arrest and suspension from her employment as the actions taken to retaliate against her for statements against school district policies. While the Plaintiffs are correct in saying that Judge Rosenn in the *Merkle* opinion did consider the "public charges" against the plaintiff, that opinion couples the public charges with the fact of arrest and the analysis speaks to "public charges" in the sense that they flow from the arrest, and not that "public charges" are actionable in themselves as a basis for a civil rights violation under 42 U.S.C. § 1983. Such public accusations could be a basis for a state law defamation suit. The Court dismisses Counts II and III to the extent these counts are based upon the "public charges" of the Defendant against the Plaintiffs set forth in these counts without prejudice to amend such allegations.

■ Nevertheless, the Court recognizes that official retaliation comes in forms other than dismissal. *See Anderson v. Davila*, 125 F.3d 148 (3rd Cir.1997). There-

fore, the Plaintiffs' allegations in Counts II and III that the Defendant had taken steps to initiate an investigation by the Pennsylvania State Police and the OAG is akin to the surveillance used upon the plaintiff and his attorney in *Anderson*, where such action was found to be a retaliation measure for the plaintiff's filing of a civil action. The Court finds that these actions as alleged in Counts II and III do constitute a basis for a claim of retaliation against the Defendant under the law and therefore, to this extent, the Defendant's Motion is denied.

Plaintiffs also analyze the subject of standing with regard to Plaintiff Bender as they note that the Court may raise this issue *sua sponte*. Plaintiffs' Brief, p. 8. The Court will review this issue *sua sponte*.

■ To obtain third party standing, the Third Circuit and the Supreme Court require that three criteria be satisfied: "1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a "close relationship"; and 3) the third party must face some obstacles that prevent it from pursuing its own claims." *Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc., et al.*, 280 F.3d 278, 288–289 (3rd Cir.2002); *See also, Powers v. Ohio*, 499 U.S. 400, 410–411, 111 S.Ct. 1364, 1370–1371, 113 L.Ed.2d 411, 425 (1991). The Court concurs with the Plaintiff that the third party in this scenario is Plaintiff Bender. Plaintiff Bender asserts in Count III, which alleges retaliation against Plaintiff Bender for his association with his Co-Plaintiffs, that he has third-party standing because such standing is necessary to enforce his rights under the First Amendment. If this is the theory under which the Plaintiffs' counsel is pursuing Count III, it is dismissed without prejudice to amend this count. This amendment is necessary because Plaintiff

Bender has not met the third part of the test to establish third party standing, namely that he faces obstacles that prevent him from pursuing his own claims. If the Plaintiff is not pursuing Count III under a "third party" standing theory, the Court finds no need for Plaintiff Bender to amend the Complaint as to this count.

Next, the Defendant challenges the Plaintiffs' Count IV which alleges a 42 U.S.C. § 1983 action based upon violations of procedural and substantive due process due to the failure of the Defendant to comply with the Chain of Command, instituted by memorandum dated March 23, 2004 (Exhibit C to the Complaint) and the Police Manual (Exhibit D to the Complaint) in that the Defendant directed the Amber Alert computer be removed from the police department and given to the Pennsylvania State Police for investigation, and by initiating investigations against the Plaintiffs through the Blair County District Attorney's Office and the OAG, and not referring these matters to the Chief of Police for Logan Township. Defendant also challenges the Plaintiffs' claims in Count IV for defamation under the Pennsylvania Constitution, Article I § 1 in that "a person's reputation alone is not sufficient to establish a due process violation pursuant to the Fourteenth Amendment. See *Meas v. Johnson,* 185 Pa. 12, 39 A. 562, 563 (1898) and *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)." Defendant's Brief, p. 7. Defendant further argues that reputation by itself does not invoke procedural due process protections and that something other than a claim of defamation must be made before a claim under the Fourteenth Amendment can stand. *Id.* Plaintiffs concede that the Defendant's procedural due process argument is correct in that reputation alone is not a basis for a due process violation, but the Plaintiffs persist in a substantive due process argument that appears to make a

claim for defamation coupled with their previous claims of First Amendment violations. Plaintiffs' Brief, pp. 14–15. Plaintiffs cite the case *Merkle v. Upper Dublin School District,* 211 F.3d 782 (3rd Cir. 2000) for the proposition that a claim of defamation may be actionable under 42 U.S.C. § 1983 if it arose during the course of a violation of another constitutional right. Plaintiffs' Brief, pp. 14–15.

■ It is not clear to the Court which substantive right the Plaintiffs are attempting to couple with their defamation claim under 42 U.S.C. § 1983. The Plaintiffs do mention in footnote seven in their brief that the claim in Count IV includes allegations from the prior counts. Count I is based upon the Pennsylvania Whistleblower Law and Counts II and III are based upon the First Amendment. Because of the reference to *Merkle* and two of the previous counts of the Complaint being based upon the First Amendment, it appears to the Court that the Plaintiffs are coupling the Defendant's alleged defamation of the Plaintiffs with the alleged violation of the Plaintiffs' First Amendment rights. However, the Court is not comfortable in attempting to discern intuitively the Plaintiffs' intentions through their pleadings. The Court believes it to be the appropriate course of action to grant the Defendant's motion without prejudice to the Plaintiffs to amend Count IV of the Complaint in order to specify the substantive rights alleged to have been violated which would support the alleged substantive due process violation of the Plaintiffs' rights in their reputations. Since the Plaintiffs have conceded that the Defendant's motion as to their alleged procedural due process violation is correct, the Defendant's motion is granted as to this part of Count IV with prejudice.

Finally, the Defendant has raised the defense of qualified immunity as to the Plaintiffs' allegations. However, all counts except part of Count II and part of Count III[1] have been dismissed in this Memorandum Opinion and Order. Therefore, the Court will analyze qualified immunity only for the allegations of retaliation in violation of the exercise of the Plaintiffs' First Amendment rights alleged under 42 U.S.C. § 1983 found in Count II.

■ In order to apply qualified immunity, the Court must conduct a two part inquiry. "[A] court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 1295, 143 L.Ed.2d 399, 405 (1999). To be "clearly established" is to say "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523, 531 (1987). This is an objective, fact-specific inquiry based upon what the defendant knew at the time of his actions and if a reasonable person in the defendant's situation would understand his actions to be violating a clearly established right at that point in time. *Id.* at 640, 483 U.S. 635, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523, 531–532.

■ From our previous analysis, and accepting as true the facts alleged in the Complaint, the Court finds that the Plaintiffs' allegations are sufficient to constitute a constitutional violation. Moving on to the second part of the inquiry, the Court finds that a reasonable person in the Defendant's position would have understood his actions to be violating a clearly established right. More specifically, accepting the Plaintiffs' allegations as true, a reasonable person in the Defendant's position would have known that retaliation by means of initiating criminal investigations against the Plaintiffs for the exercise of their rights to free speech in the reporting of Chiefs Moss and Valle would be a violation of the First Amendment. Therefore, on this issue, qualified immunity is denied.

As for the applicability of qualified immunity to the remaining claims in Count II and the remaining Counts of the Complaint, the Court denies qualified immunity without prejudice to raise this immunity within a second motion to dismiss after the filing of an amended Complaint. The Court notes the Defendant's diligence in advancing the qualified immunity defense and notes that waiver of the defense will not be an issue if it is raised again in response to the Plaintiffs' Amended Complaint. *See Eddy v. Virgin Islands Water and Power Auth.*, 256 F.3d 204 (3rd Cir.2001)(finding that it is within the district court's discretion to determine if the defense of qualified immunity has been raised in a diligent manner).

The Plaintiffs filed a Motion to Amend Complaint (Document No. 7) on January 18, 2005 in conjunction with their Brief. Defendant has not filed a response to this motion. Plaintiffs seek to add a claim for

---

**1.** Although the retaliation claims from Count III have survived the Motion to Dismiss, the outstanding issue of standing of Plaintiff Bender under Count III may have to be re-

solved through amendment before the Court will analyze the issue of qualified immunity of the Defendant to this allegation.

defamation because the investigation by the OAG has concluded and it found that there exists "insufficient evidence to prosecute Plaintiffs on Defendant's allegations of corruption." Plaintiffs' Motion, ¶ 2. Plaintiffs also seek to amend Count III in order to clarify the claim therein and also to include a claim by Plaintiff Bender pursuant to 42 U.S.C. § 1983 for a substantive due process violation. Since these amendments are not opposed by the Defendant, the added defamation claim would appear to be timely filed and the two remaining amendments are already approved by this Court as previously discussed in this Memorandum Opinion. Therefore, the Court grants the Plaintiffs' Motion to Amend Complaint (Document No. 7).

An appropriate Order follows.

**AND NOW**, this 30th day of March, 2005, this matter coming before the Court on the Defendant's Motion to Dismiss (Document No. 4), the accompanying Brief (Document No. 5) and the Plaintiffs' Motion to Amend Complaint (Document No. 7) and Brief in Reply to Motion to Dismiss and In Support of Motion to Amend Complaint (Document No. 8), IT IS HEREBY ORDERED THAT the Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows:

1) Counts I and V of the Plaintiffs' Complaint are DISMISSED IN THEIR ENTIRETY WITHOUT PREJUDICE to the Plaintiffs to amend said Counts within twenty days of this order so as to properly state their claims alleged therein;

2) Count II is DISMISSED WITHOUT PREJUDICE to the extent that it alleges a claim of retaliation based upon "public charges" and the Plaintiffs are granted leave to amend said Count within twenty days of this order so as to properly state their claims alleged therein;

3) Count III is DISMISSED WITHOUT PREJUDICE to the extent that it alleges a claim of retaliation based upon "public charges" and "third party standing" and the Plaintiffs are granted leave to amend said Count within twenty days of this order so as to properly state their claims alleged therein;

4) Count IV is DISMISSED WITH PREJUDICE to the extent of the alleged procedural due process violations and DISMISSED WITHOUT PREJUDICE to the extent of the alleged substantive due process violations and the Plaintiffs are granted leave to amend said Count to the extent it is dismissed without prejudice within twenty days of this order so as to properly state their claims alleged therein;

5) the Motion to Dismiss is DENIED WITH PREJUDICE as to Counts II and III to the extent that these counts properly allege retaliation; and

6) the Motion to Dismiss is DENIED WITH PREJUDICE on the defense of qualified immunity as applied to Count II retaliation claims and is DENIED WITHOUT PREJUDICE to the claims in Counts I, II (except retaliation claims), III, IV, and V in order to permit these counts to be amended within twenty days from the date of this order, and thereafter Defendant may again raise the defense of qualified immunity to each of these counts.

AND IT IS FURTHER ORDERED THAT Plaintiffs' Motion to Amend Complaint (Document No. 7) is GRANTED.